IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

BETTY J. OSTERGREN, )
)
    Plaintiff, )
)
v. )
) Civil No. 3:08cv362
ROBERT F. McDONNELL, in his official )
capacity as Attorney General of Virginia, )
)
    Defendant. )
_____ )

FILED JUN 11 2008
CLERK, U.S. DISTRICT COURT
RICHMOND, VA.

## VERIFIED COMPLAINT

### Preliminary Statement

1. This is a challenge under 42 U.S.C. § 1983 and the First Amendment to a recently enacted Virginia statute that prohibits individuals from disseminating public records containing Social Security Numbers. Although the documents in question are available on the Internet through various government websites to anyone who wishes to see them, the statute prohibits individuals such as the plaintiff from using those same documents for public information and advocacy purposes.

### Jurisdiction

2. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

### Parties

3. Plaintiff Betty J. Ostergren ("Ms. Ostergren") is a resident of Hanover County, Virginia.

4. Defendant Robert F. McDonnell is the Attorney General of Virginia and, as such, is charged with the enforcement the state laws of Virginia, and, specifically, with enforcement of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-196, *et seq*. At all times relevant, the defendant has acted and continues to act under color of state law. He is sued in his official capacity.

## Factual Allegations

Plaintiff's Advocacy Work

5. Ms. Ostergren is a staunch advocate of privacy rights in Virginia and nationwide. In particular, Ms. Ostergren has expressed alarm about the online availability through government websites of public records containing sensitive personal information such as Social Security Numbers (SSNs), birth dates, mother's maiden names, financial account numbers and signatures.

6. In furtherance of her advocacy work, Ms. Ostergren lobbies legislators, writes letters and makes telephone calls to public officials, and has made numerous media appearances. She has also contacted thousands of individuals across the country whose personal identifying information is available online through government websites.

7. Ms. Ostergren established the website www.TheVirginiaWatchdog.com in 2003. On this website, she has posted examples of online public records containing SSNs to alert members of the public that their own personal information may be online somewhere. Ms. Ostergren does not sell any products or advertisements or otherwise generate any revenue from or for the website.

8. Because of her work, many government agencies nationwide have taken public records containing SSNs off their websites or have redacted SSNs from such documents.

### The Virginia Statutes

9. Virginia law requires that circuit court clerks make all land records available on the Internet by "secure remote access," by July 1, 2008. Va. Code Ann. §§ 17.1-279 (D), 17.1-294. Such land records, including deeds and divorce decrees that affect real property, often include SSNs.

10. Under the "secure remote access" system, any person may, for a nominal fee, obtain online access to all of the land records for a given locality.

11. Virginia law does not require clerks to redact SSNs or other personal information from land records prior to making them available by secure remote access. (The legislature did pass such a requirement in 2007, but the provision did not go into effect because funding was not appropriated. *See* Va. Code. Ann. 17.1-294, Historical and Statutory Notes; Acts 2007, ch. 548.)

12. As an object lesson in the dangers of making such documents available online, Ms. Ostergren has obtained the land records of various public officials through Virginia's secure remote access systems and posted them on her website. She has focused on the records of legislators and clerks because, in her view, they are principally responsible for the online availability of millions of records containing SSNs.

13. Virginia's Personal Information Privacy Act (PIPA) provides, *inter alia*, that no person shall "[i]ntentionally communicate an individual's social security number to the general public." Va. Code. Ann. § 59.1-443.2 (A) (1). Until this year, however, the statute contained an exception for "records required by law to be open to the public." § 59.1-443.2 (D). Under this exception, Ms. Ostergren's posting of public land records with SSNs on her website for advocacy purposes was lawful.

14. In its 2008 session, in direct response to Ms. Ostergren's website, the General Assembly eliminated the public records exception from § 59.1-443.2, making it unlawful for individuals to disseminate public records containing SSNs. Acts 2008, ch. 562. The change goes into effect on July 1, 2008.

15. Thus, while allowing and even requiring public agencies to make public records containing SSNs available online, the new legislation will make it unlawful for individuals to do so.

16. A violation of § 59.1-443.2 constitutes a prohibited practice under the Virginia Consumer Protection Act (VCPA) § 59.1-196 *et seq.*

17. The defendant Attorney General has substantial authority to enforce the VCPA. Specifically:

- He may obtain a civil investigative order, requiring a person who is the subject of an investigation for a VCPA violation to turn over information relevant to the investigation, Va. Code Ann. § 59.1-201;

- He may issue a civil investigative demand to witnesses "by which he may (i) compel the attendance of such witnesses; (ii) examine such witnesses under oath before himself or a court of record; (iii) . . . require the production of any books or papers that he deems relevant or material to the inquiry; and (iv) issue written interrogatories to be answered by the witness served . . . ." Va. Code Ann. §§ 59.1-201.1; 59.1-9.10.

- He may initiate an action in circuit court to enjoin violations of the VCPA, Va. Code Ann. § 59.1-203;

- He may recover from the violator $2,500 per violation, plus costs of up to $1,000 per violation, and attorney's fees. Va. Code. Ann. § 59.1-206.

18. When the change to PIPA goes into effect on July 1, 2008, the statute, along with these extensive enforcement powers, will severely chill Ms. Ostergren from posting public documents to her website.

## Claim for Relief
### 42 U.S.C. § 1983 – Deprivation under Color of State Law of Rights under the First Amendment

19. As applied to public records, Va. Code Ann. § 59.1-443.2 prohibits the publication of truthful information lawfully obtained from the government.

20. As applied to public records, Va. Code Ann. § 59.1-443.2 is a content-based restriction on free speech.

21. As applied to public records, Va. Code Ann. § 59.1-443.2 is not narrowly tailored to serve any governmental interest.

22. As applied to public records, Va. Code Ann. § 59.1-443.2 violates the First Amendment to the United States Constitution.

## Requests for Relief

The plaintiff respectfully requests the following relief:

A. A preliminary and permanent injunction prohibiting the enforcement of Va. Code Ann. § 59.1-443.2 as applied to public records;

B. A declaration that Va. Code Ann. § 59.1-443.2 is unconstitutional as applied to public records;

C. Plaintiff's attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

D. Such other relief as the Court deems just and proper.

Dated: June 11, 2008

Respectfully submitted,

BETTY J. OSTERGREN

By counsel:

_Rebecca Glenberg_
Rebecca K. Glenberg (VSB No. 44099)
American Civil Liberties Union of Virginia
    Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
(804) 644-8080
(804) 649-2733 (FAX)
rglenberg@acluva.org

## VERIFICATION

I, Betty J. Ostergren hereby verify that the foregoing is true and correct to the best of my knowledge and ability.

*Betty J. Ostergren*
Betty J. Ostergren