IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

**BETTY J. OSTERGREN,**

    **Plaintiff,**

**v.**                                     **Civil Action No. 3:08cv362**

**ROBERT F. MCDONNELL,**

    **Defendant.**

## AFFIDAVIT

I, John G. Dicks, being first duly sworn, do hereby state that the following is true and accurate, to the best of my knowledge and belief:

1. I have served as legislative counsel to the Virginia Court Clerks Association and have drafted legislation on secure remote access and lobbied for the passage of such legislation in the Virginia General Assembly for more than 5 years. Over the last 5 years, Ms. BJ Ostergren has opposed the various pieces of legislation requested by the Circuit Court Clerks in the General Assembly to protect the privacy of information of citizens contained in the land records maintained by Circuit Court Clerks.

2. The General Assembly, in an effort to protect the privacy of information contained in land records documents, to make land records available online only to those persons who signed a subscriber agreement and paid a fee. The General Assembly directed that the Virginia Information Technologies Agency ("VITA") establish standards documents to implement

1

"secure remote access" ("SRA"), which standards have been established and are referred to as the "VITA SRA Standards".

3. Since July 1, 2004, the General Assembly required the preparers of documents submitted to Clerks for recordation to redact the social security numbers ("SSNs"), except for judgments, and for judgments, to redact all but the last 4 digits of the SSNs.

4. During testimony before the Science and Technology Committee of the Virginia House of Delegates, Ms. BJ Ostergren acknowledged that the information she presented to the Committee as having been obtained on the "internet" was in fact either obtained in person by her in the Clerk's Offices, or related to land records recorded prior to July 1, 2004, when the law was change to require all SSNs be redacted in full or partially in the case of judgments, prior to recordation.

5. The 2007 General Assembly passed legislation that requires redaction of SSNs prior to July 1, 2010. In addition, this legislation allows use of the Technology Trust Fund administered by the State Compensation Board or reimbursement of local government funding from the Technology Trust Fund for the costs of redaction of SSNs from land records documents. There is a conflict in the enactment clauses of this legislation in that Enactment Clause # 3 requires redaction of all SSNs to be completed on or before July 1, 2010, and Enactment Clause #4 states that the provisions in subdivision B 1 of § 17.1-294 that require no land records be made available by SRA unless the SSNs are removed, because there was no general appropriation funding passed by the General Assembly.

6. The Clerks of the Circuit Court are earnestly using the authority granted from the General Assembly in the 2007 legislation, and more than 100 Clerks have already completed the redaction of SSNs from all land records made available to paid subscribers by SRA. Attached is the current survey of the status of redaction of SSNs by Circuit Court Clerks as of July 14, 2008. Please note that 7 of the remaining 18 Clerks who have not completed redaction of SSNs from all land records will complete the redaction prior to December 31, 2008.

7. Based upon a recent survey, completed July 14, 2008, Ms. BJ Ostergren is not a paid subscriber to any SRA system of any Circuit Court Clerk in the Commonwealth. Since the Clerks have the authority to deny an application for a subscription or to terminate an existing subscription of a user of an SRA system, if there is unauthorized use of the information obtained through SRA by that subscriber, Ms. BJ Ostergren would not be allowed to become a subscriber to any SRA system in the Commonwealth.

8. Based upon a recent survey, completed July 14, 2008, Ms. BJ Ostergren was a paid subscriber to the land records systems of as many as 8 Circuit Court Clerks, beginning in 2002. It is important to note that in those instances, Ms. BJ Ostergren subscribed for one

2

month, pulled down information from a secure website, and proceeded to post the confidential information of citizens of Virginia on her open internet website, the "Virginia Watchdog". It is also important to note, that most, if not all of the information Ms. BJ Ostergren claims to have obtained off the secure remote systems of Circuit Court Clerks was obtained prior to the restrictions and limitations placed on the availability of such information by the General Assembly, and prior to the passage of legislation in the 2004 General Assembly which required the submitters of documents for recordation among the land records to redact SSNs prior to recordation.

WITNESS MY SIGNATURE:

By: John G. Dicks

Name: John G. Dicks

COMMONWEALTH OF VIRGINIA,

Sworn to and subscribed before me this 14th day of July 2008, by Carolyn F. Packett, the undersigned officer.

Carolyn F. Packett

NOTARY PUBLIC

My commission expires: 9-30-2010.

Notary Registration Number: 7057832

[LEGIBLE SEAL AFFIXED HERETO]