IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BETTY J. OSTERGREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 3:08cv362 |
| ROBERT F. McDONNELL, in his official | ) |
| capacity as Attorney General of Virginia, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S PRETRIAL REPLY BRIEF

Plaintiff Betty J. Ostergren, by counsel, replies to Defendant's Pretrial Brief as follows:

### I. THE DEFENDANT HAS FAILED TO REBUT THE HEAVY PRESUMPTION THAT PUBLICATION OF PUBLIC RECORDS IS PROTECTED BY THE FIRST AMENDMENT.

*Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) is very clear that the communication of public records is protected by the First Amendment, and the defendant has presented no legal authority for his contention that the plaintiff's speech is not protected. Instead, he relies on Supreme Court cases that have no relevance to the instant case, and continues to insist that the government has an important interest in preventing the communication of information that the government itself has made public and available the Internet.

The defendant spends a great deal of time discussing *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008), the Supreme Court's recent case recognizing an individual right to bear arms. The point of this exposition seems to be the unremarkable proposition

that all constitutional rights have limits.  The Court has spent decades elucidating the precise limitations of the freedom of speech, unlike the right to bear arms, which is in its jurisprudential infancy.  *See Heller*, 128 S.Ct. at 2821 (noting that "since this case represents this Court's first in-depth examination of the Second Amendment, one should not expect it to clarify the entire field").  It should go without saying that this Court must decide this case with reference to those precedents, rather than inventing new standards out of whole cloth as the defendant invites it to do.

The defendant's reliance on *United States v. Williams*, 128 S.Ct. 1830 (2008), a case dealing with the pandering of child pornography, is similarly misguided.  Child pornography, along with fighting words and obscenity, is one of the few carefully defined categories of speech that enjoy no First Amendment protection at all.  Public records containing SSNs do not fall into any of those categories.

Finally, the defendant argues that the First Amendment does not protect the plaintiff's speech because there is no "social value" in communicating SSNs.  The plaintiff has already explained in detail how posting public records in their intact form is an essential part of her message (*see* Plf.'s Br. at 3, 11-12), which is undoubtedly on a matter of public concern.  The Supreme Court has never allowed the government to require individuals to excise particular words or symbols from their speech, *see, e.g., Cohen v. California*, 403 U.S. 15 (1971), or preserve certain symbols for limited use because of their "unique" status. *Texas v. Johnson*, 491 U.S. 397 (1989).

## II. THE AFFIDAVIT OF JOHN G.DICKS CONTAINS INADMISSIBLE HEARSAY, IS IRRELEVANT, AND SHOULD NOT BE CONSIDERED WITHOUT OPPORTUNITY FOR DISCOVERY.

The plaintiffs strongly objects to the submission of the affidavit of John G. Dicks, and requests the Court to strike it from evidence.

**Hearsay**

Other than to cast aspersions on the plaintiff's motives, the main purpose of the affidavit of John G. Dicks is to establish that many circuit court clerks in Virginia have redacted Social Security Numbers from their websites. But Mr. Dicks does not claim to have personal knowledge of this redaction. The basis for the allegation is a "survey," attached to Mr. Dicks' affidavit, and apparently prepared for the purposes of this litigation. The survey is presumably a compilation of statements by the circuit court clerks, and thus constitutes hearsay within hearsay, neither level of which is covered by any hearsay exception. It is therefore inadmissible Fed. R. Evid. 802. Moreover, the lack of foundation given for this exhibit adds to its unreliability. There is no explanation of who conducted the survey, or how. Mr. Dicks himself, a lobbyist for the Virginia Court Clerks Association, cannot be presumed to be impartial.

**Relevance**

The allegation that many circuit court clerks have redacted SSNs from online documents does not significantly change the legal analysis. The fact is, these are still public records, and, as such, are governed by the legal standards set forth in cases like *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) and *The Florida Star v. B.J.F.*, 491 U.S. 524 (1989). Moreover, even according to the Dicks affidavit, at least eighteen circuit court clerks continue to make land records available on line. These include some

3

of the largest jurisdictions (e.g. Arlington County and Fairfax County), which undoubtedly by themselves account for many thousands of records available on line.

Furthermore, the challenged statute prohibits the publication not only of Virginia public records containing SSNs, but public records from any other state. *See* Va. Code § 59.1-443.2 (A)(1) (prohibiting the communication of *any* social security number). Ms. Ostergren's protest against the online availability of personal information extends to many states outside of Virginia, and she has posted a number of public records from those states, downloaded from government websites.

**Need for discovery**

Should the Court determine that the affidavit and survey submitted by the defendant are admissible and necessary for the adjudication of this case, the plaintiff must have an opportunity to conduct discovery regarding these allegations. Plaintiff needs to know, for example, who did the redaction, whether the redaction done by hand or by computer program, and whether the person or company who did the redaction guarantees complete accuracy. (Commercial redaction software typically guarantees about 98% accuracy.)

## CONCLUSION

For the foregoing reasons, the plaintiff respectfully requests that the Court declare Va. Code Ann. § 59.1-443.2 unconstitutional as applied to the dissemination of public records, and to issue a permanent injunction against its enforcement against the plaintiff or any others similarly situated.

Respectfully submitted,

BETTY J. OSTERGREN

By:

<u>          /s/          </u>
Rebecca K. Glenberg (VSB No. 44099)
American Civil Liberties Union of Virginia
    Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
(804) 644-8080
(804) 649-2733 (FAX)
rglenberg@acluva.org

Frank M. Feibelman VSB #13877
Cooperating Attorney for the ACLU of Virginia
5206 Markel Rd., Suite 102
Richmond, Virginia 23230
(804) 355-1300
FAX: (804) 355-4684

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

> James V. Ingold
> Office of the Attorney General
> 900 E. Main Street
> Richmond, Virginia 23219
> JIngold@oag.state.va.us

<u>          /s/          </u>
Rebecca K. Glenberg