IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

BETTY J. OSTERGREN,           )
                              )
         Plaintiff,           )
                              )
v.                            )
                              ) Civil No. 3:08cv362
ROBERT F. McDONNELL, in his official )
capacity as Attorney General of Virginia, )
                              )
         Defendant.           )
                              )

## PLAINTIFF'S BRIEF ON THE ISSUE OF STANDING

The plaintiff, Betty J. Ostergren, by counsel, submits this brief pursuant to the Court's directive to address the issue of her standing to maintain this action.

### Introduction

Plaintiff Betty J. Ostergren has for some years maintained a website at www.TheVirginiaWatchdog.com to advocate against various state and local governments' practice of making documents containing personal information available on the Internet. To demonstrate the kind of information that governments make available, she posts examples of documents that can be accessed through government websites. Ms. Ostergren believes that her message is most effectively conveyed by posting these documents exactly as they are provided on government websites, including any social security numbers (SSNs) appearing on the documents.

Section 59.1-443.2 of the Virginia Code prohibits the intentional communication of an SSN to the general public. In 2008, the General Assembly eliminated an exception to the statute for public records. As of July 1, 2008, the documents posted on Ms.

Ostergren's website violate the amended § 59.1-443.2. Each violation constitutes a "prohibited practice under the Virginia Consumer Protection Act (VCPA), Va. Code § 59.1-196 *et seq.*, for which Ms. Ostergren may be subject to investigation by the Attorney General and liable for fines up to $2,500 per violation, plus costs and fees.

The revised statute's impact on Ms. Ostergren is immediate and onerous. She must cease her expressive activity or face severe penalties that she cannot afford. Under the First Amendment, Ms. Ostergren is not required to suffer this dilemma. She is entitled to seek an injunction against enforcement of the statute from this Court.

## Argument

I. A PRE-ENFORCEMENT, FIRST AMENDMENT CHALLENGE TO A STATUTE REQUIRES ONLY A "CREDIBLE THREAT OF PROSECUTION."

A. <u>General Standards for Pre-enforcement, First Amendment Challenges.</u>

In order to establish standing, "a plaintiff must show (1) an actual or threatened injury (2) that was caused by the putatively illegal conduct of the defendant and (3) that is likely to be redressed by a favorable decision." *Planned Parenthood Of South Carolina Inc. v. Rose*, 361 F.3d 786, 789 (4th Cir. 2004).

As this Court has noted, in the context of a pre-enforcement, constitutional challenge to a statute, "two related injuries must be considered":

> First, there is the injury inherent in the threat of arrest and prosecution. On that point, the Supreme Court has explained repeatedly that it is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute that he claims deters the exercise of his constitutional rights.". Second, in limited circumstances, litigants are entitled to predicate injury on the existence of a statute which results in more than a "subjective" chill on the exercise of constitutionally-protected rights, even though not blossoming into an arrest and prosecution.

*Richmond Medical Center for Women v. Gilmore*, 55 F.Supp.2d 441 (E.D.Va.1999), *aff'd*, 224 F.3d 337 (internal quotation marks and citations omitted).

"The Supreme Court has consistently relaxed normal standing requirements in first amendment cases." *Hirschkop v. Snead*, 594 F.2d 356, 363 (4th Cir. 1979) (citing cases). This is because "[t]he risk of chilling protected expression favors pre-enforcement review rather than requiring an individual to await prosecution as the sole means of vindication of rights." *Northern Virginia Chapter, American Civil Liberties Union v. City of Alexandria*, 747 F.Supp. 324 (E.D. Va. 2004). Thus, "it is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute that he claims deters the exercise of his constitutional rights." *Babbit v. United Farm Workers Nat. Union,* 442 U.S. 289, 298 (1979) (citation and internal quotation marks omitted).[1] Rather, the plaintiff need only show an "intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Id.* (citation and internal quotation marks omitted). Under these circumstances, pre-enforcement challenges to statutes are permissible.

    B.    <u>The Standing Requirements for a Pre-enforcement As-Applied Challenge Are No More Onerous than the Requirements for a Pre-Enforcement Facial Challenge.</u>

Although the above standards are most often discussed in the context of facial challenges, they apply equally to as-applied pre-enforcement challenges. *See, e.g.*, *American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*,

---

[1] Although the challenged statute in this case imposes civil, rather than criminal sanctions, the principle is the same. Because of the statute, Ms. Ostergren will be subject to severe sanctions if she continues her expressive conduct.

3

221 F.3d 1211 (11th Cir. 2000) (holding that plaintiffs have standing to bring an as-applied, pre-enforcement challenge when there is a "credible threat of prosecution").

This makes sense. There is no reason why the standing requirements for a pre-enforcement, as-applied challenge should be any more burdensome than the standing requirements for a pre-enforcement, facial challenge. Regardless of whether the challenge is facial or as-applied, the *injury to the plaintiff* – the crux of the standing inquiry – is the same: The plaintiff wishes to engage in constitutionally protected expression, but is chilled from doing so by the existence of a statute proscribing that expression.

Indeed, outside of the First Amendment, plaintiffs' standing often extends *only* to as-applied challenges. *See Broadrick v. Oklahoma*, 413 U.S. 601, 611-12 (1973) (Noting the general rule that litigants may not raise the rights of parties not before the court, and recognizing an exception First Amendment cases.) As the defendant argued at length in his Response to Plaintiff's Motion For Preliminary Injunction (at 6-9), facial challenges are often disfavored by the courts, because the principles of judicial restraint and deference to the legislative branch counsel against the sweeping remedy of complete invalidation of a statute. It would be ironic if plaintiffs seeking more limited relief were *less* able to establish standing.

In fact, the Supreme Court has not hesitated to entertain pre-enforcement, as-applied First Amendment challenges. For example, *Federal Election Com'n v. Wisconsin Right To Life, Inc.*, 127 S. Ct. 2652 (2007), concerned an as-applied, pre-enforcement challenge to the Bipartisan Campaign Reform Act of 2002. The statute prohibited a corporation from spending general treasury funds on any advertising that

mentioned a candidate within 30 days before a federal primary election or 60 days before a general election. 127 S. Ct. at 2660. The plaintiff, an advocacy organization, had been broadcasting three such advertisements, and planned to continue broadcasting them, but realized that the ads would become illegal 30 days before the federal election. *Id.* at 2661. Shortly before that date, the organization filed suit in federal district court, contending that the statute was unconstitutional as applied to its advertisements and "materially similar" future advertisements. *Id.* Although the statute had never been enforced against the plaintiff, nor had the plaintiff even been threatened with enforcement, the plaintiff had standing to bring the as-applied challenge.[2]

Moreover, the Supreme Court rejected the defendant's mootness argument, holding that there was a continuing case and controversy even though the election cycle was over and the plaintiff was no longer using the same advertisements over which it had originally sued. The fact that the plaintiff intended to broadcast "materially similar" advertisements in the future was sufficient to establish a "demonstrated probability that the same controversy will recur involving the same complaining party." *Id.* at 2663. Again, despite the fact that the statute had never been enforced against the plaintiff, it was entitled to continue its challenge to the statute as applied to future advertisements that had not yet even been produced.

The Court also considered a pre-enforcement, as-applied First Amendment challenge in *Edenfield v. Fane*, 507 U.S. 761 (1993). There, the plaintiff was a certified

---

[2] Although the issue of standing was not explicitly discussed in *Wisconsin Right to Life* or in *Edenfield v. Fane*, *infra*, federal courts are "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). "We may therefore presume, in each of these cases, an implicit holding that the plaintiffs have standing, as the court would otherwise lack jurisdiction to hear the case." *Jacobs v. The Florida Bar*, 50 F.3d 901, 904 n. 12 (11th Cir. 1995); *see also Brown v. Scott*, 602 F.2d 791, 794 (7th Cir. 1979).

5

public accountant (CPA), who had recently moved to Florida. In New Jersey, where he had previously worked, he had often found new business clients by making unsolicited telephone calls to company executives. But the Florida Board of Accountancy prohibited "direct, in-person, uninvited solicitation" by accountants. 507 U.S. at 764. The plaintiff challenged this rule as applied to his *proposed* speech.

In sum, when an individual engages or intends to engage in expression that is proscribed by a statute, and there is a credible threat of prosecution, she has standing to bring a pre-enforcement challenge to the statute – either on its face *or* as applied to her particular expression.

## II. MS. OSTERGREN HAS STANDING TO CHALLENGE SECTION 59.1-443.2 AS APPLIED TO HER OWN EXPRESSIVE CONDUCT.

Under the standards described above, Ms. Ostergren has standing to pursue her as-applied First Amendment challenge to Va. Code § 59.1-443.2. Very much like the plaintiff in *Wisconsin Right To Life*, she has been continuously engaged in speech that suddenly became unlawful on a particular date. Without this lawsuit, the statute would exert a powerful chilling effect on her speech, forcing her to censor herself or risk severe civil penalties.

There is certainly a "credible threat" that this statute will be enforced against Ms. Ostergren. The Attorney General has asserted that her website violates the statute, and has not disavowed enforcement against her (except while this lawsuit is pending). (*See* June 30, 2008 Tr. at 24-25, 47-48.) "The State has not suggested that the newly enacted law will not be enforced, and we see no reason to assume otherwise." *Virginia v. American Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988); *see also PSINet, Inc. v.*

*Chapman*, 108 F.Supp.2d 611, 619 (W.D. Va. 2000), *aff'd*, 362 F.3d 227 (2004) ("Surely, the Virginia Assembly, in enacting the . . . amendments, expects them to be enforced.")

The defendant has claimed that it is impossible to say whether the legislature's purpose in passing the statute was to stop Ms. Ostergren's website. But it is surely more than reasonable for her to believe that she was the target of the statute, given that lawmakers were clearly aware of her website, on which some of them were prominently featured. Under these circumstances, the existence of the statute imposes a present injury. "[T]he alleged danger of this statute is, in large measure, one of self-censorship; a harm that can be realized even without an actual prosecution." *American Booksellers Ass'n*, 484 U.S. at 393.

## Conclusion

There is a credible threat that § 59.1-443.2 will be enforced against the plaintiff because of her website. She therefore has standing to challenge the statute as it applies to that website.


Respectfully submitted,

BETTY J. OSTERGREN

By:

_____/s/_____
Rebecca K. Glenberg (VSB No. 44099)
American Civil Liberties Union of Virginia
    Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
(804) 644-8080
(804) 649-2733 (FAX)
rglenberg@acluva.org

7

Frank M. Feibelman VSB #13877
Cooperating Attorney for the ACLU of Virginia
5206 Markel Rd., Suite 102
Richmond, Virginia 23230
(804) 355-1300
FAX: (804) 355-4684

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

> James V. Ingold
> Office of the Attorney General
> 900 E. Main Street
> Richmond, Virginia 23219
> JIngold@oag.state.va.us

/s/<br>
Rebecca K. Glenberg