IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BETTY J. OSTERGREN,
       Plaintiff,

v.                                           Civil Action No. 3:08cv362

ROBERT F. MCDONNELL,
       Defendant.

## DEFENDANT'S BRIEF ON INJUNCTIVE RELIEF

COMES NOW Defendant, Robert F. McDonnell ("Defendant"), by counsel, in response to the Order of this Court, stating as follows:

This case is an as-applied challenge only to Section 59.1-443.2's application to Plaintiff's website posting of Social Security Numbers (SSNs) that she obtains from public land records through Virginia's secure remote access system, and not to other conduct. It represents a conflict between the First Amendment and citizens' right to a measure of privacy from having personal information made available to the public. This Court, through its Order of August 22, 2008, determined best how to resolve this conflict consistent with principles laid down by the Supreme Court by declaring that the statute is unconstitutional as applied to Plaintiff's website as it existed on the date she filed this action. It would be improper in this case to extend the remedy additionally beyond the scope of that limited and narrow injunctive relief.

The Supreme Court repeatedly has made clear that the line of rulings extending from Cox Broadcasting v. Cohn, 420 U.S. 469 (1974) is narrow. In Cox, Smith v. Daily Mail Pub. Co., 443 U.S. 97 (1979) and Florida Star v. B.J.F., 491 U.S. 524 (1989), the Supreme Court took pains to emphasize that its decisions were based on narrow grounds

and were not meant to establish broad precedent (Mem. Op. at 15). In fact, in a case that even specifically held "there is no issue here of privacy…." Daily Mail at 106, Justice Rehnquist's concurrence explained the need for "a delicate calculus that carefully weighs the conflicting interests to determine which demands the greater protection under the particular circumstances presented." Id. (internal citations omitted). This Court should reconcile the tension on an ad hoc basis and balance the state's interest in inhibiting publication with the public interest in receiving the information.

A balancing of privacy interests against the First Amendment, given the facts of this case, weighs in favor of denying Plaintiff's request for extension of relief beyond the scope of the Order of August 22, 2008. It is necessary to decide this case narrowly in perspective of the facts presented in the record (Mem. Op. at 16) because the sensitivity and significance of interests presented in clashes between the First Amendment and privacy rights counsel relying on limited principles that sweep no more broadly than the appropriate context of the instant case. Florida Star at 532-533. All Virginia localities already have their public land records online; consequently, there will be no new jurisdictions posting online records with SSNs. To the contrary, the number of clerks providing such online information continues to decrease as they complete their online redaction process; thus, Plaintiff's asserted concern that "she will be shut out from advocacy in new jurisdictions" (Plaintiff's Brief on Injunctive Relief at 3) is without merit.

As this Court already noted in this case, both parties agree identity theft has been increasing steadily (Mem. Op. at 26), SSNs "are without doubt personal in nature and are entitled to privacy" (Mem. Op. at 25), there are "significant public interest issues

2

presented by the spreading of SSNs on the Internet" (Mem. Op. at 33) and the factual record provides that Plaintiff's source of SSNs posted on her website is public land records obtained through Virginia's secure remote access system (Mem. Op. at 5, note 1). Consequently, this Court at most may enjoin the statute's application to Plaintiff's website only to the extent she seeks to post SSNs she will obtain through Virginia's secure remote access system. For the limited purpose of affording relief in this case, however, it should confine its remedy to its Order of August 22, 2008, where it determined best how to resolve this conflict consistent with principles laid down by the Supreme Court by declaring the statute unconstitutional only as applied to Plaintiff's website as it existed on the date she filed this action.

Moreover, in Cox, the Supreme Court sought to ensure that the media would be able to inform the citizenry about public business and that suppression of items that ought to be made public would not occur; however, dissemination of an individual's SSN is not the type of important political information that the public has a right to receive. This Court must examine the following to determine whether, and to what degree, injunctive relief is appropriate: (1) likelihood of irreparable harm to Plaintiff without the injunction and whether Plaintiff has adequate remedy at law; (2) likelihood of harm to Defendant with an injunction; (3) whether Plaintiff is likely to succeed on the merits and (4) the public interest. See Amoco Prod. Co. v. Vill. Of Gambell, 480 U.S. 531, 546 n.12 (1987); Blackwelder Furniture Co. v. Seilig Mtg. Co., Inc., 550 F.2d 189, 194 (4th Cir. 1977). Plaintiff bears the burden of establishing that the public interest demands an additional injunctive remedy beyond the scope this Court's limited and narrow declaration of August 22, 2008.

The significant public interest presented by limiting the spread of SSNs on the Internet argues in favor of properly maintaining the scope of injunctive relief in the narrow fashion of that Order. In her Brief on Injunctive Relief, Plaintiff makes much of the fact that the <u>Florida Star</u> rape victim suffered greatly as a result of the newspaper disclosing her name, but this Court noted at its hearing on August 14, 2008, that while there is an analogy to the injury suffered by those whose SSNs already were on Plaintiff's website as it existed the date she filed this action, this case now differs from <u>Florida Star</u> as to whether to extend an additional injunctive remedy. As with the <u>Florida Star</u> rape victim name publication, the damage here already was done to those whose SSNs were posted on Plaintiff's website as it existed the date she filed this action; however, unlike <u>Florida Star</u>, there is additional harm yet to accrue to others who do not yet have their SSNs on her website but will if she now has her way in this matter. That this Court may avoid further harm to innocents not yet aware of their potential exposure to identity theft supports a balancing of the equities to preserve the limits of the injunctive relief set forth in the Order of August 22, 2008.

Given the factual record's limits in this case and this Plaintiff's own inequitable conduct and willful wrongdoing resulting in unclean hands, it would be improper for this Court to extend additional injunctive relief beyond the limited scope of its Order of August 22, 2008.

## **CONCLUSION**

Defendant asks this Court to deny Plaintiff's requested relief.

                                                                                                        Respectfully submitted,
ROBERT F. MCDONNELL,
Defendant herein

By: _____/s/_____
     James V. Ingold, Esq.
     Virginia Bar number 31825
     Attorney for Robert F. McDonnell
     Office of the Attorney General
     900 East Main Street
     Richmond, Virginia 23219
     Phone: 804-786-3860
     Fax: 804-371-2087
     JIngold@oag.state.va.us

ROBERT F. MCDONNELL
Attorney General of Virginia

MAUREEN RILEY MATSEN
Deputy Attorney General

PETER R. MESSIT
Senior Assistant Attorney General/Section Chief

JAMES V. INGOLD (VSB No. 31825)
Senior Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
900 East Main Street
Richmond, Virginia 23219
(804) 786-3860
(804) 371-2087 (FAX)

CERTIFICATE OF SERVICE

       I hereby certify that on this 22nd day of September, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

                                       By: _____/s/_____
                                           James V. Ingold, Esq.
                                           Virginia Bar number 31825
                                           Attorney for Robert F. McDonnell
                                           Office of the Attorney General
                                           900 East Main Street
                                           Richmond, Virginia 23219
                                           Phone: 804-786-3860
                                           Fax: 804-371-2087

                                           JIngold@oag.state.va.us