IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| BETTY J. OSTERGREN, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 3:08cv362 |
| ROBERT F. McDONNELL, in his official capacity as Attorney General of Virginia, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

The defendant has indicated that he intends to offer the plea agreement of Randy A. Baadhio as evidence in the hearing set for February 24-25, 2009. The plaintiff respectfully requests that this exhibit be excluded as inadmissible hearsay.

## **ARGUMENT**

The exhibit in question, attached hereto as Exhibit A, is a 15-page agreement between the U.S. Attorney in Connecticut and Randy A. Baadhio.[i] In it, Baadhio agrees to plead guilty to fraud in connection with access devices (in this case, credit cards), under 18 U.S.C. § 1029(a)(2) and (c)(1)(b). Among other things, the agreement contains a statement of the elements of the offense (p. 1), a stipulation as to the applicable sentencing guidelines (pp. 4-9), an agreement by the government to dismiss Count II of the indictment following sentencing (p. 12) and a statement of offense conduct (p. 15). The statement of offense conduct includes a statement that among the social security numbers Baadhio used to fraudulently apply for credit cards were "several" obtained from www.virginiawatchdog.com.

The plea agreement as a whole, and the statement regarding thevirginiawatchdog.com in particular, constitute hearsay that does not fall within any exception, and should be excluded.

### A.     **The Plea Agreement is Hearsay.**

The plea agreement is an out-of-court statement made by a declarant, Randy Baadhio. It is offered to prove the matter asserted, namely, that, as stated in the agreement, "several" the names and social security numbers used by Baahdio to fraudulently procure credit cards were obtained from the website www.thevirginiawatchdog.com. The agreement is therefore hearsay. Fed. R. Evid. 801(c).

### B.     **Neither the Plea Agreement nor the Statement Pertaining to Thevirginiawatchdog.com Fall Within any Hearsay Exception.**

Plaintiff expects the defendant to argue that the plea agreement is admissible as a public record, Fed. R. Evid. 803(8), a judgment of conviction, Fed. R. Evid. 803(22), or a statement against interest, Fed. R. Evid. 804(b)(3). However, none of these exceptions is applicable.

**Not a Public Record.** Rule 803(8) provides that public records are admissible if they set forth "(A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which there was a duty to report . . ., or (C) . . . factual findings resulting from an investigation made pursuant to authority granted by law . . ." Since the plea agreement does not fall under any of these categories, it is not admissible under the public records exception.

**Not a Judgment of Conviction.** Rule 803(22) permits "[e]vidence of a final judgment, entered after a trial or upon a plea of guilty . . ., adjudging a person guilty of a

crime. . . , to prove any fact essential to sustain the judgment . . . ." This exception is inapplicable for at least two reasons. First, the plea agreement is not a final judgment after a guilty plea, but an agreement between the prosecutor and the defendant, executed in anticipation of a guilty plea. Second, the agreement is not offered to prove a fact essential to the judgment. The alleged source of the social security numbers used to obtain credit cards is not essential to Baahdio's conviction for the unauthorized *use* of credit cards pursuant to 18 U.S.C. 1029(a)(2) and (c)(1)(b). (*See* Ex. A, p.1, listing elements of the offense.)

**Not a Statement Against Interest.** Rule 804(b)(3) allows hearsay statements to be admitted where the declarant is unavailable and the statement "was at the time of its making . . . so far tended to subject the declarant to civil or criminal liability . . .that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." This exception is also inapplicable.

First, there is no showing that the declarant is unavailable. As far as plaintiff is aware, the defendant has made no attempt to procure the Baahdio's testimony. He is, moreover, precluded from doing so now because Baahdio is not listed on his witness list.

Assuming that the declarant is unavailable, however, the agreement still does not fall within the hearsay exception. A plea agreement is not a statement against interest because it is a bargain into which the defendant enters because he believes it will result in a better outcome than a trial. Thus, for example, in *S.E.C. v. Healthsouth Corp.*, 261 F.Supp.2d 1298 (N.D. Ala. 2003), the court refused to admit statements made by third parties during a plea colloquies that implicated the defendant. Those statements "were made pursuant to a plea agreement that served to substantially reduce the pleader's

criminal liability and thus provides no great indicia of reliability." 261 F.Supp.2d at 1329. In this instance, the U.S. Attorney agreed to dismiss Count II of the indictment in exchange for Baadhio's guilty plea.

Finally, even if some statements contained in the plea agreement do qualify as statements against penal interest – such as the admission that he fraudulently procured and used credit cards – not every statement within the agreement is against penal interest. Specifically, Baadhio's statement that he found social security numbers on www.thevirginiawatchdog.com does not implicate his penal interest. To state that he obtained social security numbers from this particular website, as opposed to, say, from a different website, or from a record in the clerk's office, does not subject him to any greater criminal liability. Indeed, the fact that he obtained social security numbers from a website does not subject him to criminal liability at all; it was the *use* of the social security numbers, not their *acquisition*, that was a crime.

As the Supreme Court has explained:

> [T]he most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory. The district court may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession, and this is especially true when the statement implicates someone else.

*Williamson v. U.S.*, 512 U.S. 594, 600-01 (1994). In this case, Baadhio's statement that he obtained social security numbers from thevirginiawatchdog.com is not itself inculpatory, even though the statement is made within the context of a plea agreement.

4

## HEARING

Pursuant to Local Rule 7(J), the parties agree to submit this motion on the briefs and without a hearing unless the Court deems a hearing to be necessary. Counsel for defendant anticipates filing a response to this Motion on January 9, 2009.

## CONCLUSION

For the foregoing reasons, the plaintiff respectfully requests that her motion in limine be granted and that the plea agreement of Randy Baadio, or any part of it, be excluded from evidence.

Respectfully submitted,

BETTY J. OSTERGREN

By:

_____/s/_____
Rebecca K. Glenberg (VSB No. 44099)
American Civil Liberties Union of Virginia
 Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
(804) 644-8080
(804) 649-2733 (FAX)
rglenberg@acluva.org

Frank M. Feibelman VSB #13877
Cooperating Attorney for the ACLU of Virginia
5206 Markel Rd., Suite 102
Richmond, Virginia 23230
(804) 355-1300
FAX: (804) 355-4684

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

>James V. Ingold
>Office of the Attorney General
>900 E. Main Street
>Richmond, Virginia 23219
>JIngold@oag.state.va.us

>/s/
>Rebecca K. Glenberg (VSB No. 44099)
>American Civil Liberties Union of Virginia
>  Foundation, Inc.
>530 E. Main Street, Suite 310
>Richmond, Virginia 23219
>(804) 644-8080
>(804) 649-2733 (FAX)
>rglenberg@acluva.org

---

[i] The exhibit, as provided to the plaintiff and attached hereto, does not include the signature of any of the parties. Because defendant has assured plaintiff that a fully executed version of the agreement will be made available by the time of the hearing, she does not object to the lack of signatures at this time. However, she reserves her right to so object should it become necessary to do so.