**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**BETTY J. OSTERGREN,**
        **Plaintiff,**

**v.**                                               **CIVIL ACTION NO. 3:08cv362**

**ROBERT F. MCDONNELL,**
        **Defendant.**

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

COMES NOW Defendant to ask this Court to deny Plaintiff's motion, to take judicial notice under F.R.E. 201 of the authenticated plea agreement ("the plea") of January 30, 2009, of Randy A. Baadhio (proving that he obtained social security numbers from www.thevirginiawatchdog.com and used them to submit fraudulent credit card applications) and to order its entry into evidence (as of this filing, the "authentication" of F.R..E. 902(4) remains forthcoming). The plea is electronically filed in Case 3:08-cr-00014-VLB in the United States District Court for the District of Connecticut. Plaintiff objects to this exhibit.

## F.R.E. 201 ALLOWS JUDICIAL NOTICE OF THE PLEA

This Court should take judicial notice of the plea, pursuant to F.R.E. 201. This Court has been provided with the plea by the declarant, represented by counsel, and the United States Attorney for the District of Connecticut. It electronically was filed in Case 3:08-cr-00014-VLB in the United States District Court for the District of Connecticut. Plaintiff herein reasonably may not question its accuracy.

## F.R.E. 803(6) ALLOWS ADMISSION OF THE PLEA

A business record is an exception to the hearsay rule because it possesses "hallmarks of authenticity." *McDaniel v. United States*, 343 F.2d 785, 789 (5th Cir. 1965), *cert. denied*, 382 U.S. 826 (1965). Courts have found government agencies to be a "business" under the broad definition of F.R.E. 803(6). S*ee Kay v. United States*, 255 F.2d 476, 480 (4th Cir. 1958) (Certificate of Analysis admissible under 28 U.S.C. § 1732 as record in regular course of business in regular performance of official duty of Chief Medical Examiner); *United States v. Hayes*, 861 F.2d 1225, 1230 (10th Cir. 1988) (IRS computer records properly admitted under F.R.E. 803(6)). As of this filing, Defendant is seeking "authentication" of the plea as a business record pursuant to F.R.E. 902(11).

## F.R.E. 803(8) ALLOWS ADMISSION OF THE PLEA

The plea is admissible as a public record. A Certificate of Analysis is admissible as a public record. *See United States v. Farmer*, 820 F. Supp. 259, 264, fn. 6 (W.D. Va. 1993). Admissibility of a public record is assumed unless there are sufficient negative factors to indicate lack of trustworthiness. The party opposing admission has the burden to establish unreliability. *See Jones v. Ford Motor Co.*, 320 F. Supp. 2d 440, 447 (E.D. Va. 2004), citing *Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292, 300-301 (4th Cir. 1984). F.R.E. 803(8) "is not a rule of exclusion, but rather is a rule of admissibility" as long as the public record meets requirements of the rule. Fred Warren Bennett, *Federal Rule of Evidence 803(8): The Use of Public Records in Civil and Criminal Cases*, 21 Am. J. Trial Advoc. 229, 232 (1997). *See also Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988) (taking "[a] broad approach to admissibility under Rule 803(8)(C)".).

Defendant herein disagrees with plaintiff that the plea does not fall within this hearsay exception category's definition. In *United States v. Moye*, 422 F.3d 207 (4th Cir. 2005) a party challenged the District Court's admission of a certified court record of a fingerprint report. On appeal, the Court affirmed the record's admission, holding the objection "meritless" because the record was self-authenticating under F.R.E. 902(4) and within the hearsay exception of F.R.E. 803(8). *Id*. at 212, fn. 3. Such is the case with regard to the plea at issue herein.

## F.R.E.803(22) ALLOWS ADMISSION OF THE PLEA

While evidence of a final judgment entered on declarant's plea is pending, this Court should allow the plea under F.R.E.803 (22). Moreover, facts set out in a court record, including the original criminal charge and indictment, are admissible "because court records do not violate the rule against hearsay…" *See Maynard v. Dixon*, 943 F.2d 407, 414 (4th Cir. 1991). In addition, in some circumstances, courts consider a guilty plea alone enough to constitute a conviction. "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 112-113 (1983); (quoting *Kercheval v. United States*, 274 U.S. 220, 223 (1927)). Accord, *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). In the event this Court is unwilling to allow admission of the plea under F.R.E. 803 (22) at this time, Defendant asks this Court either to stay the matter until entry of the pending final judgment or to rule provisionally in expectation of said judgment.

## F.R.E. 804(b)(3) ALLOWS ADMISSION OF THE PLEA

The "statement against interest" exception to the hearsay rule is founded on the assumption "that a person is unlikely to fabricate a statement against his own interest at the time it is made." *Chambers v. Mississippi*, 410 U.S. 284, 299 (1973). With regard to the plea herein, there is nothing exculpatory about Baadhio's statements in his plea.

To buttress an argument against admission of the plea, plaintiff cites a case from the Northern District of Alabama and *Williamson v. United States*, 512 U.S. 594 (1994), both of which are cases, unlike the one before us today, in which the government sought to introduce a confession by an accomplice that incriminates a criminal defendant. That category of hearsay encompasses statements that inherently are unreliable. Wigmore distinguishes accomplice confessions that inculpate themselves and the accused as beyond the statement-against-interest exception because an accomplice has considerable interest in "confessing and betraying his cocriminals." 5 Wigmore, Evidence § 1477, at 358, n. 1 (J. Chadbourn rev. 1974). The Supreme Court has over years declared accomplice confessions that incriminate co-defendants as presumptively unreliable. In *Crawford v. United States*, 212 U.S. 183 (1909), the Court stated that even when an accomplice testifies, his confession that "incriminate[s] himself together with defendant . . . ought to be received with suspicion, and with the very greatest care and caution …" *Id.*, at 204. See also *Cruz v. New York*, 481 U.S. 186, 189-190, 193, 195 (1987) (White, J., dissenting) (such statements "have traditionally been viewed with special suspicion").

Most cases in that hearsay exception category arise in the context of constitutional challenge under the Sixth Amendment Confrontation Clause. While *Lilly v. Virginia*, 527 U.S. 116 (1999) makes clear that *Williamson* held "an accomplice's statement against his

own penal interest was not admissible *against the defendant...*" *Id.*, at 133 (emphasis added) even without reaching the Confrontation Clause, it also held that F.R.E. 804(b)(3) allows admission of statements that inculpate criminal defendants, even accomplice confessions, if they are not an attempt merely to shift blame. *Williamson* at 603.

In addition, *Williamson* explained, "Even statements that are on their face neutral may actually be against the declarant's interest. 'I hid the gun in Joe's apartment' may not be a confession of a crime; but if it is likely to help the police find the murder weapon, then it is certainly self-inculpatory. 'Sam and I went to Joe's house' might be against the declarant's interest if a reasonable person in the declarant's shoes would realize that being linked to Joe and Sam would implicate the declarant in Joe and Sam's conspiracy... The question under Rule 804(b)(3) is always whether the statement was sufficiently against the declarant's penal interest 'that a reasonable person in the declarant's position would not have made the statement unless believing it to be true...'" *Id*. at 603-604.

Likewise herein, even if the plea that, "I obtained several of those names and Social Security account numbers from the Internet site 'www.thevirginiawatchdog.com'" arguably may be facially neutral, it would be reasonable for a person in the declarant's position not to have made the statement unless believing it to be true, and it sufficiently was against his penal interest. It carries "an inherent ring of truth." Consequently, plaintiff's attempt to suppress admission of the plea into evidence depends solely on an inapposite and wholly unilluminating *Williamson* analysis.

The declarant is in federal custody at the Wyatt Detention Facility at 950 High Street, Central Falls, Rhode Island 02863. While this Court technically has power to issue a writ of *habeas corpus as testificandum* deriving from 28 U.S.C. § 2241(c)(5), see

*Spears v. Chandler*, 672 F.2d 834, 835 (11th Cir. 1982), issuance of the writ lies in the discretion of the court. As a practical matter in this case, the declarant not only is absent but unavailable; moreover his live testimony is not essential. The Fifth Circuit, reviewing a district court's issuance of a writ of *habeas corpus ad testificandum* in *Ballard v. Spradley*, 557 F.2d 476, 480-81 (5th Cir. 1977), held that courts must exercise discretion based on consideration of "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." In this case, application of the *Ballard* factors weighs substantially against the exercise of such discretion; it should not be necessary to require bringing the declarant from a different part of the country and incurring the hardship of the expense of his transportation and safekeeping merely to prove the simple fact already set forth in the plea.

## F.R.E. 807 ALLOWS ADMISSION OF THE PLEA

The plea is admissible under F.R.E. 807 (a combination of former F.R.E. 803(24) and F.R.E. 804(b)(5)), the catchall hearsay exception, especially given that plaintiff believes the last sentence of paragraph 1 of the Statement of Offense Conduct on page 15 is not a "statement against interest" but, rather, is a neutral statement. If plaintiff asks this Court to construe the "not specifically covered" Rule language narrowly, thus limiting the exception to cases in no way touched by one of the prior exceptions and thereby not allowing the plea's admissibility as a "near miss" under one of the specified exceptions, it is important to note that this Circuit already has found that such a view effectively would

render the residual exception a nullity. *See United States v. Clarke*, 2 F.3d 81, 83 (4th Cir. 1993). The plain meaning of the Rule and precedent of this Circuit does not permit such a narrow reading. "We believe that 'specifically covered' means exactly what it says: if a statement does not meet all of the requirements for admissibility under one of the prior exceptions, then it is not 'specifically covered.'" *Id.*, *citing United States v. Fernandez*, 892 F.2d 976, 981 (11th Cir. 1989). This Circuit has admitted evidence under the residual exception when that evidence was inadmissible under one of the specified exceptions. *See, e.g., United States v. Simmons*, 773 F.2d 1455, 1458 (4th Cir. 1985).

That a "near miss" under a specified exception could render residual exception evidence inadmissible promises litigation over how close a statement comes to a specified exception. Litigiousness is contrary to the residual exception inquiry, which focuses on whether the statement has "equivalent circumstantial guarantees of trustworthiness." Litigants and courts spend time more productively in analyzing trustworthiness of the statement rather than debating, "How close is too close?" To adopt the "near miss" theory would create an odd situation where testimony that equally was trustworthy would be distinguishable based on proximity to a specified exception. In *United States v. Ellis*, 951 F.2d 580 (4th Cir. 1991), this Circuit approved admission of a statement pursuant to a plea agreement, though that statement was different from a specified exception. Given *Ellis*, it would contradict common sense to exclude equally reliable testimony simply because it fell close to a specified exception. *See Clarke* at 84.

As set forth above, the residual hearsay exception has a requirement of "equivalent circumstantial guarantees of trustworthiness" that is satisfied if the Court concludes the declarant's cross-examination would be of "marginal utility." *See Idaho v.*

*Wright*, 497 U.S. 805, 820 (1990); *United States v. Shaw*, 69 F.3d 1249, 1253 (4th Cir. 1995); *cf. United States v. Bumpass*, 60 F.3d 1099, 1102 (4th Cir. 1995) (sufficient guarantees of trustworthiness are established when "cross examination would add little to test the hearsay's reliability"). With regard to the matter at issue in this case, the declarant voluntarily made his plea and had the presence of counsel, which suggests strongly that declarant's statements that formed the factual basis for the plea were made under circumstances that guaranteed trustworthiness, and common experience reveals that cross-examination, at best, would have been of marginal utility in testing their accuracy.

Finally, admission of the plea at issue herein falls within the requirements of F.R.E. 807. The declarant is in federal custody at the Wyatt Detention Facility at 950 High Street, Central Falls, Rhode Island 02863. The plea is more probative than any other evidence that reasonably could be procured, it not being necessary to require bringing the declarant from a different part of the country (and incurring the hardship of the expense of his transportation and safekeeping) merely to prove the simple fact set forth therein. *See Simmons* at 1459.

WHEREFORE, Defendant moves that this Court overrule Plaintiff's objection, take judicial notice under Federal Rule of Evidence 201 of the authenticated plea agreement of January 30, 2009, of Randy A. Baadhio proving that he obtained social security numbers from www.thevirginiawatchdog.com and used them to submit fraudulent credit card applications and order its entry into evidence.

Respectfully submitted,
ROBERT F. MCDONNELL,
Defendant herein

By: _____/s/_____
James V. Ingold, Esq.
Virginia Bar number 31825
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Phone: 804-786-3860
Fax: 804-371-2087
JIngold@oag.state.va.us

ROBERT F. MCDONNELL
Attorney General of Virginia

MAUREEN RILEY MATSEN
Deputy Attorney General

PETER R. MESSITT
Senior Assistant Attorney General/Section Chief

JAMES V. INGOLD (VSB No. 31825)
Senior Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
900 East Main Street
Richmond, Virginia 23219
(804) 786-3860
Fax: 804-371-2087

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

By: _____/s/_____
James V. Ingold, Esq.
Virginia Bar number 31825
Attorney for Robert F. McDonnell
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Phone: 804-786-3860
Fax: 804-371-2087
JIngold@oag.state.va.us