IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BETTY J. OSTERGREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 3:08cv362 |
| ROBERT F. McDONNELL, in his official | ) |
| capacity as Attorney General of Virginia, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **REPLY IN SUPPORT OF MOTION IN LIMINE**

In reply to Defendant's Response to Plaintiff's Motion in Limine, the plaintiff, by counsel, states as follows:

**1.     The Court May Not Take Judicial Notice of Baadhio's Statement about Plaintiff's Website**

Rule 201 allows the Court to take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The defendant suggests that the plea agreement is such a "fact" because it was filed electronically in the United States District Court in Connecticut. Certainly, the Court may take judicial notice of the fact that the plea agreement is filed, and perhaps even of the fact that Baadhio intends to plead guilty to a certain offense. The "source" for these facts is the Electronic Filing System in the District of Connecticut, and plaintiff does not question that that system accurately receives and dockets documents received from parties. But this does not mean that the Court may judicially notice as fact every statement *within* the plea agreement. The "source" for the statement that Baadhio used social security numbers obtained from www.thevirginiawatchdog.com is not the court,

but Baadhio himself. As someone who is not only pleading guilty to fraud in this instance but, according to the plea agreement itself, has been convicted multiple times of fraud and theft. This is not a source "whose accuracy cannot reasonably be questioned."

2.      **Baadhio's Statement about Defendant's Website is a Business Record**.

A hearsay statement may be admitted if it is a "a memorandum, report, record, or data compilation . . . of acts, events, conditions, opinions, or diagnoses, made at or near the time by or from information transmitted by, a person with knowledge, if kept in the regular course of a regularly conducted business activity." Fed. R. Evid. 803(6). Even if, as defendant argues, government records may in some instances be business records, the plea agreement – and particularly Baadhio's statement about obtaining social security numbers from the website -- simply does not fit this description. The statement was not made "at or near the time of the event"; Baadhio's alleged access of social security numbers from the website took place in November 2006, while the plea agreement is dated January 30, 2009. Nor was the statement made as part of a "regularly conducted business activity." Instead, it was made as part of a highly individualized bargain that Baadhio made with the aim of seeking the best possible deal for himself.

3.      **The Statement Does Not Fall Within the "Statement Against Interest" Exception or the Residual Hearsay Exception.**

The defendant has not cited a single case in which statements in a plea agreement – especially statements that do not themselves directly inculpate the declarant – have been admitted under Rule 804(3). As noted earlier, when such statements "were made pursuant to a plea agreement that served to substantially reduce the pleader's criminal liability" they "provide[] no great indicia of reliability." *S.E.C. v. Healthsouth Corp.*, 261 F.Supp.2d 1298, 1329 (N.D. Ala. 2003).

For the same reason, the statement should not be admitted under Rule 807, the residual exception. Non-inculpatory statements made in the course of a plea agreements have no "guarantees of trustworthiness." This is especially true where, as here, the declarant himself admits that, in the past, he has provided false information to law enforcement in an attempt to obtain a reduced sentence. (Baadhio Plea Agreement at 15 ¶ 4.)

## CONCLUSION

For the foregoing reasons, the plaintiff respectfully requests that her motion in limine be granted and that the plea agreement of Randy Baadio, or any part of it, be excluded from evidence.

Respectfully submitted,

BETTY J. OSTERGREN

By:

_____/s/_____
Rebecca K. Glenberg (VSB No. 44099)
American Civil Liberties Union of Virginia
    Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
(804) 644-8080
(804) 649-2733 (FAX)
rglenberg@acluva.org

Frank M. Feibelman VSB #13877
Cooperating Attorney for the ACLU of Virginia
5206 Markel Rd., Suite 102
Richmond, Virginia 23230
(804) 355-1300
FAX: (804) 355-4684

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

>James V. Ingold
>Office of the Attorney General
>900 E. Main Street
>Richmond, Virginia 23219
>JIngold@oag.state.va.us

>                /s/                
>Rebecca K. Glenberg (VSB No. 44099)
>American Civil Liberties Union of Virginia
>   Foundation, Inc.
>530 E. Main Street, Suite 310
>Richmond, Virginia 23219
>(804) 644-8080
>(804) 649-2733 (FAX)
>rglenberg@acluva.org